UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHRISTOPHER WILLIAMS,**    )<br>    )<br>  **Plaintiff,**    )<br>    )<br>  v.    )<br>    )<br>**NANCY PELOSI, et al.,**    )<br>    )<br>  **Defendants.**    )<br>    ) | Case No. 22-cv-00109 (APM) |

## MEMORANDUM OPINION

In early 2022, pro se Plaintiff Christopher Williams wished to express to Members of the U.S. House of Representatives his objection to District of Columbia redistricting legislation pending congressional review. When Plaintiff attempted to directly email individual Members of the House Committee on Oversight and Reform (the "Committee"), he was prevented from doing so by a web-based system that requires people to enter their zip code to prove that they are a constituent who resides within the Member's district to facilitate electronic communication. Because Plaintiff lives in the District of Columbia, which has no voting Member in Congress, he would have had to lie about his residence to email a Member directly to express his views on the legislation.

Perceiving this filtering system as discriminating against District of Columbia residents, Plaintiff brought this action against former Speaker of the House, Nancy Pelosi; 17 Members of the Committee during the 117th Congress; and the Committee itself. He asserts a single count violation of the First Amendment. He alleges that "[t]he zip code screening tool violate[d] [his] right to petition the government for redress of grievances, which is guaranteed by the First

Amendment." Am. Compl., ECF No. 2, at ¶ 29. As relief, he seeks (1) "[e]ntry of a declaratory judgment that the zip code screening tool violates the right to petition for redress of grievances," (2) "[e]ntry of an order enjoining Congress from implementing zip code screening tools that prevent residents from the District of Columbia from communicating with members of Congress who serve as the 'legislature for the District,'" and (3) "[a] grant of an award of costs and fees." *Id.* at 9.

Defendants move to dismiss the Complaint on the grounds that Plaintiff (1) lacks standing and (2) has failed to state a claim.[1] Congressional Defs.' Mot. to Dismiss, ECF No. 11 [hereinafter Defs.' Mot.], at 6–14, 16–19. Although the court finds that Plaintiff has standing, it holds that he has failed to state a claim. Accordingly, Defendants' motion is granted.

**I.**

Defendants contend that Plaintiff falls short on each element of standing: (1) injury in fact, (2) causation, and (3) redressability. Defs.' Mot. at 6–14. The court disagrees.

*Injury.* As to injury, Defendants first contend that Plaintiff "has not plead[ed] any injury in fact" because there are "various alternative means of communication available to him, including telephone calls, written correspondence, and social media." *Id.* at 7. But this argument misapprehends the standing inquiry. "[W]hen considering whether a plaintiff has Article III standing, a federal court must assume *arguendo* the merits of his or her legal claim." *Parker v. District of Columbia*, 478 F.3d 370, 377 (D.C. Cir. 2007). The court therefore must assume that the Members' use of the zip code screening tool impaired Defendant's right to petition; that is sufficient to establish injury. *See Fed. Election Comm'n v. Cruz*, 142 S. Ct. 1638, 1648 (2022).

---

[1] Defendants also contend that Plaintiff's claim for monetary relief is barred by the doctrine of sovereign immunity. Defs.' Mot. at 14–16; *see Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff has not asked for monetary damages in his prayer for relief, and thus, the court need not reach this argument.

Defendants also maintain that Plaintiff's "allegations constitute only a generalized grievance, as he fails to indicate how he is treated any differently by the zip code screening tool than any other similarly situated individual." Defs.' Mot. at 9. This argument, however, misunderstands what constitutes a "generalized" grievance. "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.' And it consequently does not show standing." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). Here, Plaintiff is not alleging an abstract harm based on the Members' alleged failure to conform to the law; rather, he contends that his own right to petition was impaired by his inability to directly express himself to Members through electronic mail. That is sufficient to establish personal and individual injury.[2] *Id.* at 499.

*Causation.* Next, Defendants contend that Plaintiff cannot establish causation "because his alleged injury is a result of his own preference for email as a means of contacting Members of Congress." Defs.' Mot. at 11. In other words, Defendants argue that Plaintiff lacks standing because his claim is self-inflicted. Plaintiff, however, is not required to turn to available alternatives to "forgo the exercise of a First Amendment right [the court] must assume [he] has"—the right to petition Members of Congress directly through electronic mail. *Cruz*, 142 S. Ct. at 1648.

*Redressability.* Defendants raise multiple arguments as to redressability. First, they say that the court cannot provide the relief Plaintiff seeks because it can only come from a third party not before the court: the House's IT policy-setting body. Defs.' Mot. at 13. The court is not convinced. According to the very website cited by Defendants, "[e]ach member of Congress

---

[2] Because Plaintiff seeks injunctive and declaratory relief, his standing must be predicated on future injury. *See Arpaio v. Obama*, 797 F.3d 11, 21 (D.C. Cir. 2015). Reading the pro se complaint generously, as it must, the court takes Plaintiff to say that he intends to petition Members of the Committee in the near future on other matters relating to District of Columbia legislation.

3

establishes their office's policy relating to the processing and management of e-mail." *Find Your Representative*, U.S. HOUSE OF REPRESENTATIVES, https://www.house.gov/representatives/find-your-representative (last visited Jan. 23, 2023).  Thus, at this stage, it would appear that there is no House-wide policy that prevents Members from accepting electronic mail messages from non-constituents.  Members seem to have discretion as to whether to use the zip code screening tool. It is true that because an internal policy-setting body for neither House of Congress is before the court the court cannot grant the Congress-wide relief Plaintiffs seeks.  That said, because each Member of Congress apparently controls their own e-mail policy, the court seemingly could grant relief as to the individual Members named in this action.  *Cf. Barker v. Conroy*, 921 F.3d 1118, 1126 (D.C. Cir. 2019) (holding that the court could redress the injury of an atheist denied the opportunity to deliver a secular prayer as a guest chaplain to the House of Representatives by declaring the rule requiring a religious prayer to be unconstitutional and ordering that the plaintiff be scheduled to deliver an invocation as soon as possible).

Defendants also assert that the relief sought by Plaintiff—an order compelling Members to directly accept his electronic mail—would violate the separation of powers.  Defs.' Mot. at 13. This argument gives the court some pause because of Congress's near plenary authority to establish its own rules.  Congress, however, "may not by its rules ignore constitutional restraints or violate fundamental rights."  *United States v. Ballin*, 144 U.S. 1, 5 (1892).  At this early stage of the proceedings, and given Plaintiff's pro se status, which has resulted in less than fulsome briefing on this issue, the court will presume that it could compel a Member of Congress to directly accept an electronic mail message from Plaintiff.  *Cf. Barker*, 921 F.3d at 1126.

Finally, Defendants argue that Plaintiff's suit is moot because the pending legislation as to he wished to be heard—the Ward Redistricting Deadline Extension Emergency Amendment Act

of 2021—has now become law. Defs.' Mot. a 14. The court, however, understands Plaintiff to complain about more than his inability to correspond electronically with Members about only the redistricting legislation. Rather, construed liberally, his complaint challenges the practice of denying District residents like him the ability to communicate directly by email with Members of Congress. His claim is not moot.

## II.

With standing addressed, the court moves to the merits. The court agrees that Plaintiff has failed to state a claim.

The First Amendment provides in relevant part that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. The court has found no case holding that the Petition Clause guarantees any particular method by which to petition Congress. To the contrary, although the First Amendment "protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances," *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 286 (1984) (internal quotation marks omitted), "[n]othing in the First Amendment . . . suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues," *id.* at 285; *cf. Smith v. Ark. State Highway Empl., Local 1315*, 441 U.S. 463, 464–65 (1979) (holding that the state does not violate the First Amendment when it considers grievances submitted only through a designated employer representative rather than the union). The zip code screen used by Members of Congress does not prohibit speech. Plaintiff remains free to express his views on legislation or other matters. He can do so, for example, by calling Members' offices, writing letters, or through social media. Thus, the zip code screen, at most, forecloses him from his preferred method of

communication. That limitation does not violate Plaintiff's First Amendment right to petition the government. *Cf. Marijuana Pol'y Project v. United States*, 304 F.3d 82, 85 (D.C. Cir. 2002) (holding that a congressional act that prevented the District of Columbia from adopting any law that would reduce marijuana-related penalties did not violate the First Amendment right to petition; it "merely require[d] that, in order to have legal effect, their efforts must be directed to Congress rather than to the D.C. legislative process").

### III.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 11, is granted. A separate, final order accompanies this Memorandum Opinion.

Dated: January 24, 2023

Amit P. Mehta
United States District Court Judge